UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | |
|---|---|
| JASMIN C. DELIZO, ERLINDA A. SAMANIEGO, and ALAIN P. UNSON, | Case No. 2:19-cv-10237 Hon. Avern Cohn |
| Plaintiffs/Counter-Defendants, | |
| vs. | |
| ABILITY WORKS REHAB SERVICES, LLC, a Michigan limited liability company, | |
| Defendant/Counter-Plaintiff. | |

_____/

| | |
|---|---|
| Raymond J. Sterling (P34456) | Danielle B. Safran (P61965) |
| Brian J. Farrar (P79404) | Attorney for Defendant |
| Attorneys for Plaintiffs | The Sigler Law Firm, P.C. |
| Sterling Attorneys at Law, P.C. | 30300 Northwestern Hwy., Ste. 337 |
| 33 Bloomfield Hills Pkwy., Ste. 250 | Farmington Hills, MI 48334 |
| Bloomfield Hills, MI 48304 | (248) 932-3500 |
| (248) 644-1500 | safranlaw1@gmail.com |
| rsterling@sterlingattorneys.com | |
| bfarrar@sterlingattorneys.com | |

_____/

**PLAINTIFFS/COUNTER-DEFENDANTS' ANSWER TO COUNTERCLAIM AND AFFIRMATIVE DEFENSES**

Plaintiffs/Counter-Defendants Jasmin C. Delizo, Erlinda A. Samaniego, and Alain P. Unson, by their attorneys Sterling Attorneys at Law, P.C., in answer to Defendant/Counter-Plaintiff's Counter-Complaint, submit the following:

## JURISDICTIONAL ALLEGATIONS

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted, upon information and belief.

6. Denied.

7. Paragraph 7 sets forth a conclusion of law, not a statement of fact to which a response is required.

8. Paragraph 8 sets forth a conclusion of law, not a statement of fact to which a response is required.

9. Plaintiffs/Counter-Defendants admit that during a teleconference with the Court on September 4, 2019, the Court permitted Ability Works Rehab Services, LLC to file a counterclaim.

10. Admitted.

## COUNT I – BREACH OF CONTRACT AND RESTRICTIVE COVENANT

11. Plaintiffs/Counter-Defendants incorporate the preceding paragraphs by reference.

12. Admitted.

13. Plaintiffs/Counter-Defendants admit that Ability Works Rehab Services, LLC recruited them to work as registered nurses in Michigan but deny that Ability Works Rehab Services, LLC told them their primary duty was to treat patients in their home environment.

14. Plaintiffs/Counter-Defendants admit that they began the process of obtaining permanent citizenship in the U.S. prior to their employment with Ability Works Rehab Services, LLC but deny the allegation "without success."

15. Denied because it is untrue.

16. Neither admitted nor denied as it references a document that speaks for itself.

17. Denied because it untrue.

18. Plaintiffs/Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of this allegation.

19. Neither admitted nor denied as it references a document that speaks for itself.

20. Plaintiffs/Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of this allegation.

21. Denied because it untrue.

22. Neither admitted nor denied as it references a document that speaks for itself.

23. Denied because it is untrue.

24. Neither admitted nor denied as it references a document that speaks for itself.

25. Admitted.

26. Denied because it untrue.

27. Neither admitted nor denied as it references a document that speaks for itself.

28. Denied because it is untrue.

29. Denied because it is untrue.

30. Denied because it is untrue.

31. Denied because it is untrue.

32. Plaintiffs/Counter-Defendants lack knowledge or information sufficient to for a belief as to the truth of this allegation.

33. Denied because it is untrue.

34. Denied because it is untrue.

35. Denied because it is untrue.

36. Denied because it is untrue.

37. Plaintiffs/Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of this allegation.

38. Denied because it is untrue.

39. Plaintiffs/Counter-Defendants admit that Unson flew to California but deny the allegations that he "evaded Ability Work Rehab Services, LLC's employees' and agents' requests that he report for his first day of work."

40. Denied because it is untrue.

41. Admitted.

42. Denied because it is untrue.

43. Admitted.

44. Plaintiffs/Counter-Defendants admit that Ability Works Rehab Services, LLC provided them with 30 days of housing and other assistance but deny that the assistance was "free," as Ability Works Rehab Services, LLC told Plaintiffs/Counter-Defendants they must reimburse many of these expenses.

45. Admitted.

46. Denied because it is untrue.

47. Denied because it is untrue.

48. Denied because it is untrue.

49. Denied because it is untrue.

50. Plaintiffs/Counter-Defendants admit that they resigned their employment within three years but deny the allegation that it was to Ability Works Rehab Services, LLC's detriment and expense.

51. Denied because it is untrue.

52. Denied because it is untrue.

53. Plaintiffs/Counter-Defendants admit that their employment agreements purport to contain liquidated damages clauses but deny that Ability Works Rehab Services, LLC is entitled to them or that Plaintiff/Counter-Defendants breached their agreements.

54. Denied because it is untrue.

55. Denied because it is untrue.

## COUNT II – QUANTUM MERUIT/UNJUST ENRICHMENT

56. Plaintiffs/Counter-Defendants incorporate the preceding paragraphs by reference.

57. Denied because it is untrue.

58. Plaintiffs/Counter-Defendants lack knowledge or information sufficient to for a belief as to the truth of this allegation.

59. Denied because it is untrue.

60. Denied because it is untrue.

## COUNT III – PROMISSORY ESTOPPEL

61. Plaintiffs/Counter-Defendants incorporate the preceding paragraphs by reference.

62. Denied because it is untrue.

63. Denied because it is untrue.

64. Denied because it is untrue.

65. Denied because it is untrue.

66. Denied because it is untrue.

67. Denied because it is untrue.

## AFFIRMATIVE DEFENSES

1. Defendant/Counter-Plaintiff fails to state a claim upon which relief can be granted.

2. Defendant/Counter-Plaintiff breached the Plaintiffs/Counter-Defendants' employment agreements prior to any alleged breach by Plaintiffs/Counter-Defendants.

3. The Non-Competition provisions of the agreements exceed Plaintiffs/Counter-Defendant's reasonable competitive business interests.

4. The Non-Competition provisions of the agreements violate public policy and should not be enforced.

5. The liquidated damages provisions in the employment agreements are not enforceable.

6. Defendant/Counter-Plaintiff's claim is barred in whole or part by the doctrine of unclean hands.

7. Defendant/Counter-Plaintiff has failed to mitigate its damages.

Plaintiffs/Counter-Defendants reserve the right to add to, or amend, this Answer to Counterclaim, including their Affirmative Defenses.

## JURY DEMAND

Plaintiffs/Counter-Defendants rely on and adopt Defendant/Counter-Plaintiff's demand for a trial by jury.

Respectfully submitted,

STERLING ATTORNEYS AT LAW, P.C.

By: /s/Brian J. Farrar
Raymond J. Sterling (P34456)
Brian J. Farrar (P79404)
Attorneys for Plaintiffs
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500

**PROOF OF SERVICE**

I certify that on December 4, 2019, I filed the foregoing paper with the Clerk of the Court using the ECF system which will electronically send notification to all counsel of record.

/s/Brian J. Farrar
Sterling Attorneys at Law, P.C.
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500
bfarrar@sterlingattorneys.com