UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASMIN C. DELIZO, et al.,

    Plaintiffs,

v.                                              Case No. 19-10237

                                                  HON. MARK A. GOLDSMITH

ABILITY WORKS REHAB
SERVICES, LLC.,

    Defendant.
_____/

## ORDER TO SHOW CAUSE

    Plaintiffs Jasmin Delizo, Erlinda Samaniego, and Alain Unson bring this action against Ability Works Rehab Services, LLC, alleging underpayment for their work as registered nurses. Plaintiffs bring the following claims:

        Count I:     Violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.;
        Count II:    Breach of Contract;
        Count III:   Quantum Meruit/Unjust Enrichment;
        Count IV:   Promissory Estoppel.

    For the reasons stated below, Plaintiffs must show cause why the Court has original jurisdiction over their state law claims. Otherwise, those claims will be considered supplemental, as to which the Court need not exercise jurisdiction. 28 U.S.C. § 1367.

    "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between. . . . citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and

citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State." 28 U.S.C. § 1332(a).

The complaint fails to establish that original diversity exists as to the state law claims. Plaintiffs are citizens of the Philippines and lawful permanent residents of the United States. (Dkt. 1, ¶¶ 1-3). However, it is not clear in which state or states each Plaintiff is domiciled. While Plaintiffs claim they all reside in Michigan, id., in the counterclaim, Defendant says one Plaintiff resides in Michigan, one in California, and one in Illinois. See Counterclaim ¶¶ 1-3 (Dkt. 15). In their answer to the counterclaim, Plaintiffs admit Defendant's allegations about residence, but then deny the Court has diversity jurisdiction. Pl. Answer ¶¶ 1-6 (Dkt. 16).

Because citizenship is based on domicile, not residence, the allegations of where Plaintiffs reside are not sufficient to determine diversity jurisdiction. 8 U.S.C. § 1332(a); see also Von Dunser v. Aronoff, 915 F.2d 1071, 1072 (6th Cir. 1990) ("It is well established that citizenship for purposes of the diversity requirement is equated with domicile, not residence.").

Next, the jurisdictional allegations for the defendant limited liability company are deficient. A limited liability company ("LLC") "'has the citizenship of each of its members.'" Varsity Brands, Inc. v. Star Athletica, LLC, 799 F.3d 468, 494 (6th Cir. 2015) (quoting Delay v. Rosenthal Collins Grp., LLC, 585 F.3d 1003, 1005 (6th Cir. 2009)). The complaint provides only the LLC's principal place of business. And as for membership, the complaint alleges the LLC is owned by a single individual, Compl. ¶ 6, whereas Defendant says that it is owned by two people, Hitesh V. Khatri and Karuna Naik. Answer ¶ 6 (Dkt. 5). The Court needs further facts on the citizenship of both LLC members to determine whether diversity jurisdiction exists.

Accordingly, on or before April 23, 2020, Plaintiffs shall file a memorandum setting forth facts establishing that the Court has original diversity jurisdiction over their state law claims. Alternatively, if Plaintiffs do not contend that diversity jurisdiction exists for the state law claims, they shall file a memorandum acknowledging that jurisdiction does not exist as to those claims.

SO ORDERED.

Dated: April 8, 2020  
       Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge