| | |
|---|---|
| JASMIN C. DELIZO, ERLINDA A. SAMANIEGO, and ALAIN P. UNSON, | Case No. 2:19-cv-10237 Hon. Mark A. Goldsmith |
| Plaintiffs/Counter-Defendants, | |
| vs. | |
| ABILITY WORKS REHAB SERVICES, LLC, a Michigan limited liability company, | |
| Defendant/Counter-Plaintiff. | |

| | |
|---|---|
| Raymond J. Sterling (P34456) | Danielle B. Safran (P61965) |
| Brian J. Farrar (P79404) | Attorney for Defendant |
| Attorneys for Plaintiffs | The Sigler Law Firm, P.C. |
| Sterling Attorneys at Law, P.C. | 30300 Northwestern Hwy., Ste. 337 |
| 33 Bloomfield Hills Pkwy., Ste. 250 | Farmington Hills, MI 48334 |
| Bloomfield Hills, MI 48304 | (248) 932-3500 |
| (248) 644-1500 | safranlaw1@gmail.com |
| rsterling@sterlingattorneys.com | |
| bfarrar@sterlingattorneys.com | |

**PLAINTIFFS/COUNTER-DEFENDANTS' MEMORANDUM
PURSUANT TO THE COURT'S APRIL 8, 2020 SHOW CAUSE ORDER**

On April 8, 2020, the Court ordered plaintiffs/counter-defendants (the "Delizo parties") to file a memorandum setting forth facts establishing that the Court has original diversity jurisdiction over their state law claims, or

alternatively, to file a memorandum acknowledging that diversity jurisdiction does not exist.

The Delizo parties do not allege the Court has original jurisdiction over their state law claims. In their Complaint, the Delizo parties alleged the Court only has supplemental jurisdiction over their state law claims (ECF #1, ¶ 10).

The only party who raised the issue of diversity is defendant/counter-plaintiff Ability Works Rehab Services, LLC, who alleged in its Counterclaim that the Court has diversity jurisdiction over its state law claims because the Delizo parties "are citizens of a foreign state and the amount in controversy exceeds $75,000.00" (ECF # 15, ¶ 6). Notably, the Delizo parties denied this allegation in their Answer to the Counterclaim because it is untrue (ECF #16).

Even absent original jurisdiction, there is good reason for the Court to continue to exercise supplemental jurisdiction. At the initial status conference with retired Judge Avern Cohn on March 26, 2019, the Court reviewed and discussed the state law claims and agreed to exercise supplemental jurisdiction. Thereafter, the parties conducted extensive discovery on both the federal and state law claims.

By continuing to exercise supplemental jurisdiction, this Court will promote judicial efficiency by allowing all parties to resolve all of their claims in one judicial proceeding. See *Transcontinental Leasing, Inc v Michigan Nat'l Bank*, 738 F2d 163, 166 (6th Cir 1984) (district courts retain discretion to exercise their

supplemental jurisdiction based on "considerations of judicial economy, convenience and fairness to litigants") quoting *United Mine Workers of America v Gibbs*, 383 US 715, 726 (1966).

**PROOF OF SERVICE**

I certify that on April 23, 2020, I filed the foregoing paper with the Clerk of the Court using the ECF system, which will electronically send notification to all counsel of record.

/s/Brian J. Farrar
Sterling Attorneys at Law, P.C.
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500

Respectfully submitted,

STERLING ATTORNEYS AT LAW, P.C.

By: /s/Brian J. Farrar
    Raymond J. Sterling (P34456)
    Brian J. Farrar (P79404)
    Attorneys for Plaintiffs
    33 Bloomfield Hills Pkwy., Ste. 250
    Bloomfield Hills, MI 48304
    (248) 644-1500

## CERTIFICATION UNDER E.D. MICH. LR 5.1(a)

I, Brian J. Farrar, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10 ½ characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

                                      /s/Brian J. Farrar